## THE STATE v. W. E. WADE.

1. LARCENY OF COUPONS. An indictment charging the defendant with the larceny of a number of coupons of the bonds of the State of Tennessee, each being described by number, place, and date of payment, and name of the Comptroller, whose signature is alleged to be attached, and laying the property in the State of Tennessee; that each coupon is valuable, stating the value of each separately, making an aggregate of $14,550, and not averring that the State is bound to pay them: *Held,* to be a charge of stealing, not a subsisting valid obligation to pay money, but a coupon from a bond of the State, that was extinct, as an obligation to pay, by reason of having been paid and taken up, and never having been issued.

2. SAME. Such an indictment may be maintained under sec. 4693 of the Code, because, if the coupons are paid, they properly belong to the State archives, and are vouchers in the settlement of the accounts of public officers, and being in the hands of the State, are evidence that the obligation has been extinguished. If cut from new bonds never issued, they would be valuable to the extent of the cost of preparation, and being averred to be valuable, the court cannot, as a matter of law, say they are not, although they may not be of the value charged.

3. SAME. It was not necessary to charge that the bonds from which the coupons were taken were issued by authority of the Legislature of the State. An averment that they were "the bonds of the State of Tennessee" means *ex vi termini,* lawful and valid bonds. If the bonds were forged or unlawful, this would be matter of defense.

4. SAME. The laws under which such bonds issued need not be referred to or pleaded in the indictment.

   Case cited: Tate v. The State, 3 Yerg., 449.

5. SAME. The coupons were sufficiently described, and it was not essential that the bonds from which they were cut should also be described; but the proof should show that they were cut from the bonds of the State.

The State *v.* Wade.

6. SAME. The indictment having been found in 1873, the charge that the offense was committed on the —— day of ———, 1870, is a sufficient averment that the offense was committed before the finding of the indictment.

Cases reviewed: Charles King *v.* The State, 3 Heis., 148; The State *v.* Wills, cited in note to same.

Code cited: Sec. 4693.

## FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRAZIER, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

CLAY ROBERTS for defendant.

McFARLAND, J., delivered the opinion of the court.

This indictment was quashed by the Judge of the Criminal Court. The Attorney General appeals in behalf of the State. It charges that the defendant did feloniously steal, take, and carry away a large number of coupons of the bonds of the State of Tennessee. Each coupon is described by number, the place and date of its payment, and the name of the Comptroller, whose signature is alleged to be attached. They are charged to be the property of the State of Tennessee, and are each charged to be valuable, and their value separately stated, making an aggregate of $14,550.

As the bonds are charged to be the bonds of the State of Tennessee, and the coupons alleged to be the property of the State, it is not easy to see how they can be coupons which the State was bound to pay.

The indictment does not, in fact, aver that the State was bound for them. It would seem to be probable that they are either coupons never issued by the State, or else coupons that had been paid and taken up. The State being the obligor, upon becoming the owner of the obligation, it would be extinct. The only answer suggested to this is, that the State might be the owner as trustee, or in some fiduciary capacity, but in a case like this we would take the statement most strongly against the State. So we hold this to be a charge of stealing, not a subsisting, valid obligation to pay money, but a coupon from a bond of the State, that was extinct as an obligation to pay, by reason of having been paid and taken up, or never having been issued.

In this view, is this an indictable offense? Sec. 4693 of the Code enacts, that "Whoever shall feloniously steal or take any writ, process, or public record; any bond, promissory note, bill of exchange, order, or certificate; any book of accounts, inspecting goods, money, or other things; any contract in force, any specific release or defeasance; any instrument of writing whereby any demand, right, or obligation is created, ascertained, increased, extinguished, or diminished, or any other valuable paper writing, shall be imprisoned in the penitentiary," etc.

Assume them to be coupons that have been paid. They are themselves, in the hands of the State, the evidence that the obligation has been extinguished. They are averred in the indictment to be valuable, and we cannot, as a matter of law, assume they are

not, although they may not be of the value charged. They are papers properly belonging to the State archives, and important vouchers in the settlement of the account of public officers. If we assume they were cut from mere bonds never issued, they might still be valuable, to the extent, at least, of the cost of having them prepared.

So, as the indictment charges these coupons to be valuable papers, we cannot, as a matter of law, say they are not, and under the section of the Code referred to, the indictment may be maintained, subject to other objections.

1st. It is argued that the indictment should charge that the bonds were issued by authority of the legisture of the State. This is not necessary. They are averred to be " bonds of the State of Tennessee." This means lawful and valid bonds, *ex vi termini*. An indictment charging the stealing of a " United States treasury note " of a certain denomination and value has always been held valid, without charging that it was issued by the authority of the United States. If the bonds were forged or unlawful, this would be matter of defense.

It is next objected that the indictment should refer to the acts or laws under which the bonds were issued. We think this is a matter of law, and need not be done. The case of *Tate* v. *The State*, 3 Yerg., 449, was an indictment for passing a counterfeit change ticket on the treasury of North Carolina, as follows : " This note of seventy-five cents is payable to the bearer at the treasury of North Carolina, agreeably to the act of

Assembly of 1823, ch. 7. Raleigh, 20th July, 1824. John Haywood, Public Treasurer." The Court held that the paper did not purport to be an obligation *ex vi termini*, but referred to the act of the Legislature as enacting the obligation, and that the indictment should have averred the existence of the act. This act was not one in our own, but in another State.

It is next argued that the coupons are not sufficiently described; that the bonds from which they were cut should at least have been described also. Unless the coupon upon its face show the connection between it and the bond from which it was cut, it might, perhaps, be difficult to describe the bond, as they may be in the hands of other parties. The number, the date, and the place of their payment are given, and the name of the Comptroller signing them. If it should appear that there are other coupons filling all these descriptions, that are payable at the same time and place, of the same number, and signed by the same officer, there would then be nothing to distinguish them. But we cannot know this to be so, and we think the description sufficient. Of course the proof would have to show that the coupons have been cut from bonds of the State.

It is next argued that the time of the commission of the offense is not sufficiently charged. The charge is that the offense was committed on the —— day of ——, 1870. The indictment was found in 1873. The case of *Charles King* v. *The State*, 3 Heis., 148, is relied upon. We will review that case. The indictment there was found May Term, 1870, and charged

that the offense was committed on —— day of ———, 1870. One ground of the decision was that it was not distinctly averred that the offense was committed before the finding of the indictment. Although this could be inferred, yet it ought to be distinctly averred. In the case of the *State* v. *Wills,* cited in a note to the above case, the indictment was found at the July Term, and charged that the offense was committed on the —— day of April, 1870. This being a distinct averment that the offense was committed before the finding of the indictment was held good, the cases are not in conflict. In the present case the indictment was found in 1873, and charges that the offense was committed on the —— day of ———, 1870. This falls under the authority of the *State* v. *Wills,* and is sufficient.

The judgment will be reversed, the motion to quash overruled, and the cause remanded.