## JOHN COLDWELL v. THE STATE.

LARCENY. · *Horse stealing.* Though this offence has a specific designation, and is distinguished from ordinary cases of stealing by severer penalties, it is, nevertheless, larceny, of the highest and most heinous grade, and has been uniformly so treated and discussed in the books. The Statute, Code, §4769, applies as well to this offence as to any other grade or species of larceny.

Cases cited: Long v. The State, 1 Swan, 288; State, v. Braden, 2 Tenn., 468; Fetter v. The State, 9 Yerg., 397; Wilcox v. The State, 3 Heisk., 110.

Code cited: §4769.

### FROM GILES.

Appeal from the Criminal Court.

Attorney-General HEISKELL for the State.

No counsel for Coldwell.

SNEED, J., delivered the opinion of the Court.

The appeal is from a judgment of the Giles County Criminal Court, upon a conviction of the prisoner of the crime of horse stealing. The proof is that he borrowed the animal from the prosecutor in Giles County, under the pretext of riding to the house of one of the neighbors of the prosecutor, promising to return it in two hours. He took the horse into Alabama instead, and sold it as his own, in which

State he was arrested, and brought back to Giles County for indictment and trial. He was charged in a single count with horse stealing, and was convicted under a provision of the Code, which is in the following words: "If a contract of loan for use, or of letting and hiring, or other bailment or agency, be used merely as a means of procuring possession of property, with an intent to make a fraudulent appropriation at the time, it is larceny." Code, §4769. In the case of *Long* v. *The State,* 1 Swan's R., 288, it is said, that "although the conversion of property is not proof of an original felonious design in obtaining possession of it, yet such conversion is a circumstance which the jury may properly consider of in connection with other facts from which to determine as to the intent with which the possession was obtained."

We are of opinion, upon the proof in this case, that the jury was well warranted in holding the prisoner guilty of obtaining the property with the original intention of fraudulently converting it to his own use, and of using the pretext of borrowing for that purpose, and there can be no question of the guilt of the prisoner of the offence charged, if the foregoing Statute is applicable to the offence charged, as to other species and grades of larceny.

It is urged on his behalf that the Statute does not apply to this specific offence. It is said that horse stealing is not larceny, in its technical sense, but a specific offence created by Statute.

John Coldwell *v.* The State.

We do not assent to this proposition. Though the offence has a specific designation, and is distinguished from ordinary cases of stealing by severer penalties, it is, neverthelesss, larceny of the highest and most heinous grade, and has been uniformly so treated and discussed in the books. *State* v. *Braden,* 2 Tenn., 468; *State* v. *Long,* 1 Swan, 288; *Felter* v. *The State,* 9 Yerg., 397. Nor did this Court hold, in the case of *Wilcox* v. *The State,* 3 Heisk., 110, that horse stealing was not larceny. The Court inclined to the opinion in that case that the judgment of infamy did not attach to a conviction of this offence—not because it was not larceny, but because, by a singular inadvertence in framing the Statutes, the judgment of infamy was not specially annexed to a conviction of this species of larceny; but the point was not specially adjudged.

It is true, that prior to the Statute above quoted, the prisoner could not have been convicted of the crime charged, under some of our decisions, for the want of the element of a trespass in the manner of obtaining possession of the property. But the Statute was designed to reach just such cases, and we have no hesitation in holding that the Statute applies as well to this offence as to any other grade or species of larceny.

Affirm the judgment.