No. 10,483.

MILLER v. THE PEOPLE.

Decided December 4, 1922.

Plaintiff in error was convicted of obtaining money by false pretenses.

*Affirmed.*

On Application for Supersedeas.

1. CRIMINAL LAW—*False Pretenses—Check Endorsement.* One who by false representations induces another to endorse a check for the payment of money, which the endorser thereafter is compelled to pay to a holder for value, is guilty of obtaining a thing of value by false pretenses, under the provisions of section 1849, R. S. 1908.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOHN M. GLOVER, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, for the people.

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an application for supersedeas. The sole question is the sufficiency of the information. The prosecutor was induced by the false representations of the defendant to endorse a check for $33.95, which subsequently he, as endorser, was compelled to pay to the holder for value.

Section 1849 of the Revised Statutes of 1908 defines false pretenses as follows:

"If any person or persons shall knowingly and designedly, by any false pretense or pretenses, obtain from any other person or persons any chose in action, money, goods, wares, chattels, effects, or other valuable thing whatever, with intent to cheat or defraud any such person or persons of the same, every person so offending shall be deemed a cheat."

It is urged that the motion in arrest of judgment should have been sustained, because the endorsement by Gard, the prosecutor, was not a thing of value, and therefore not within the purview of the statute. The information, however, alleges that the "endorsement of Gard was a thing of value, to-wit, of the value of $33.95." The instant Gard signed the check and re-delivered it with his endorsement to the defendant, he assumed a liability by virtue of the endorsement, and the check thereby became a thing of value to him. It was an obligation to pay to the holder, other than the defendant, the face of the check, and it thereby assumed a commercial and exchangeable value.

In *State v. Thatcher*, 35 N. J. Law, 445, it is said:

"Is the maker's own note or contract of suretyship a valuable thing? The signing of the name was an act—the name, when signed, was a thing. Was it a thing of any

value? While it remained locked up in his secretary, it was of no value to the maker, but *eo instanti* it passed out of his hands by the fraud, it became impressed with the qualities of commercial paper, and possessed to him the value which it might cost to redeem it from a *bona fide* holder."

This court said, in *Knepper v. People,* 63 Colo. 396, 403, 167 Pac. 781:

"A promissory note, being subject to ownership, is, under this statutory definition, personal property even in the hands of the maker, and so is within the purview of Sec. 1849, R. S. 1908.

"* * * Our statutes, include 'choses in action * * * chattels, effects, or any other valuable thing, the procuring of which by false pretenses with fraudulent intent shall constitute a crime. The statute does not specifically require that any of these enumerated classes of personal property shall have value in the hands of the person swindled. If, the instant they are reduced to possession by the swindler they have value, that meets the requirements of the statute."

Supersedeas denied; judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE DENISON concur.