STATE v. NELSON.

*(Knoxville,* September Term (May Session) 1952.)

Opinion filed June 5, 1953.

Petition for Rehearing denied July 17, 1953.

KNOX BIGHAM, Assistant Attorney General, for the State.

FRANCIS W. HEADMAN, of Knoxville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The indictment charged that Nelson violated the worthless check law, Section 11157 of the Code Supplement.

The Court quashed the indictment on the ground that it failed to charge that the defendant had obtained by means of his worthless check property which may be the subject of larceny. The State has appealed.

In so far as pertinent to the question made, Code Section 11157 provides that:

"Any person who shall obtain, with fraudulent intent, * * * property which may be the subject of larceny, * * * by means of a check, * * * of which he is the maker or drawer, which is not paid by the drawee, shall be guilty * * * and punishable as in the case of larceny, * * *."

It is obvious that no violation of this statute has occurred when the thing obtained by reason of the worthless check is not "property which may be the subject of larceny", notwithstanding the fact that the legislative purpose in the enactment of the statute was to protect persons from being defrauded by reason of such check. *State* v. *Cooley*, 141 Tenn. 33, 37-38, 206 S. W. 182.

In so far as material here, the indictment charges that Nelson, by reason of the worthless check therein described, issued with intent to defraud, did obtain from Fred Scalf

"The following personal property, to-wit: The release of a labor and material furnishers lien for $668.46 on a dwelling house belonging to Carl C. and Kathryn Motley * * *". Description of realty follows.

There is no question but that this act upon the part of Nelson was a fraud accomplished by means of his worthless check; hence, within the spirit of the statute. But it must likewise come within its letter. So, the question here is whether the release of a labor and material furnisher's lien of several hundred dollars on a dwelling is

"property which may be the subject of larceny"? In dealing with that question we shall ignore the fact that the indictment calls it "personal property". That definition is only the conclusion of the pleader. It does not change the fact that the thing which the indictment charges Nelson with having obtained by reason of his worthless check was "the release of a labor and material furnishers lien" on certain real estate.

"At common law title deeds and other instruments evidencing rights in real property were regarded as partaking of the nature of realty and consequently it was not larceny to steal them; but by statute such instruments have been made subjects of the crime." 52 C. J. S., Larceny, Sec. 3, p. 795. A statute enacted by our Legislature and carried in the Code at Section 10936 provides, in so far as material to our question, as follows:

"Any person who shall feloniously steal * * * any receipt, release, or defeasance; any instrument of writing whereby any demand, right, or obligation is created, ascertained, increased, extinguished, or diminished; or any other valuable paper writing, shall be punished * * *."

It is clear that by this language the statute makes a release of a labor and material furnisher's lien on real estate something which a person may "feloniously steal"; that is, such a release is made a subject of larceny by this statute. Compare State v. Wade. 66 Tenn. 22.

Since the statute makes a release of a labor and material furnisher's lien on real estate property which may be the subject of larceny, it follows that when such release is obtained with fraudulent intent by means of a worthless check it comes within the offense created by Code Section 11157, which is the worthless check statute. An indictment so charging is, therefore, valid. In hold-

ing to the contrary the court below, we believe, over-looked Code Section 10936, as did the attorney for the defendant in error in the preparation of his good brief.

The judgment will be reversed with the costs of the appeal taxed against the defendant in error, Nelson. The cause will be remanded for further proceedings in keeping with the conclusion here reached.

## On Petition to Rehear.

In the opinion heretofore rendered it was held that procuring with fraudulent intent the release of a labor and material furnisher's lien on real estate by means of a worthless check is indictable under Code Section 11157. We reached this conclusion on the ground that Code Section 10936 defines as larceny the stealing of a release of a valuable lien on real estate.

Nelson has filed a petition to rehear. His insistence is that Code Section 10936 "neither declares this offense to be larceny nor does it provide for punishment therefor, as in the case of larceny, but the section is complete within itself, describing the offense and prescribing the punishment".

In so far as pertinent to the question stated the language of Code Section 10936 is that "*Any person who shall feloniously steal* * * * any * * * release * * whereby any * * * right * * * is * * * extinguished * * * shall be punished by imprisonment in the penitentiary not less than three nor more that fifteen years'.' (Emphasis supplied.) Almost identical language is used in Code Section 10931 providing that "*Any person who shall feloniously take or steal any horse* * * * shall be imprisoned in the penitentiary not less than three nor more than ten years". (Emphasis supplied.)

In the case of *Coldwell* v. *State,* 62 Tenn. 429, 430, this Court, speaking with reference to Code Section 10931, (the horse stealing statute above quoted) stated the insistence of the defendant together with the Court's reply thereto as follows:

"It is urged on his behalf that the Statute does not apply to this specific offense. It is said that horse stealing is not larceny, in its technical sense, but a specific offense created by Statute.

"We do not assent to this proposition. Though the offense has a specific designation, and is distinguished from ordinary cases of stealing by severer penalties, it is, nevertheless, larceny of the highest and most heinous grade, and has been uniformly so treated and discussed in the books.

\* \* \* \* \* \*

"\* \* \* we have no hesitation in holding that the Statute applies as well to this offense as to any other grade or species of larceny."

Code Section 10936 falls within this holding of *Coldwell* v. *State.* Under the authority of that case, as well as on principle, it must be concluded that under Code Section 10936 it is larceny to steal the release of a valuable lien on real estate.

It is true that Code Section 10920 defines larceny as the felonious taking and carrying away of "the personal goods of another", as asserted in the petition to rehear. In so defining larceny this section is simply declaratory of the common law, but that definition is not all inclusive. Other things may be made the subject of larceny by the legislature. In fact, the legislature has done just that under the article in which Code Section 10920 is carried, as pointed out by the State's brief. The

caption of that article is "Larceny and Receiving Stolen Goods". Code Section 10936 (the statute under consideration here) is included within that article. This further confirms the conclusion that it was the intent of the legislature to declare it to be larceny to feloniously steal a release of a valuable lien on realty.

Finally it is said that a labor and material furnisher's lien does not "arise by reason of any paper signed by the property owner", and that the procedure for the release of such a lien is what is commonly called a marginal release; that is, a release written on the margin of the public record where the lien is recorded. Be that as it may,—the indictment charges Nelson with procuring with fraudulent intent the release of a labor and material furnisher's lien of several hundred dollars on real estate by reason of a worthless check. Code Section 10936 makes the stealing of such a release the subject of larceny. Code Section 11157 provides that a person who obtains with fraudulent intent any property which is the subject of larceny by means of a worthless check shall be punished in a certain manner. Nelson is charged with doing exactly that.

For the reasons stated, the petition to rehear will be denied.