L. M. Williams *v.* State of Tennessee.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

Petition to Rehear denied August 2, 1955.

Thomas E. Mitchell, of Johnson City, for plaintiff in error.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of passing a "worthless check" with the defendant's punishment fixed at three (3) years in the State penitentiary.

The first three assignments of error make the contention (1) that there is no evidence to sustain the verdict and judgment of the court; (2) that the evidence preponderates against the verdict and in favor of his innocence; and (3) the evidence discloses that the crime was committed in the State of Virginia. The fourth assignment is as follows:

"There was no offense committed in the State of Tennessee. The check which was given was a worthless check. It had no value. It could not be the

subject of larceny. The check drawn on the Peoples Bank, given days later than the one on the Hamilton National Bank, was given in payment of a pre-existing indebtedness, and, therefore, could not be the basis for a conviction under the above provisions of the Code.''

The facts upon which the defendant was convicted are briefly summarized in the State's brief, as follows:

''Plaintiff in error purchased coal from the Wood Coal Company, of Dante, Virginia, and paid for the same with a check in the amount of $678.45, drawn on the Hamilton National Bank. This check turned out to be worthless and plaintiff in error persuaded his creditor, by means of a deposit slip indicating that he had a considerable amount of money in the Bank, to accept another check in the same amount drawn on the Peoples Bank. He took up the Hamilton National Bank check with the Peoples Bank check and this transaction occurred in Johnson City, Tennessee. The Peoples Bank check also turned out to be worthless and subsequent to the giving of this check, plaintiff in error stated that he did not intend to pay the checks. Statutory notice was given and this prosecution resulted.

''Plaintiff in error presented no evidence in defense.''

It is insisted by the defendant's counsel that the check in question was given for an obligation incurred in the State of Virginia, and was ''for a pre-existing debt.'' While it is true that the defendant had purchased coal from the Wood Coal Company on an open account, it conclusively appears that the company had ceased to extend him any credit, and at the time his check on the Hamilton National Bank was dishonored coal purchases

were on a cash basis. The testimony of the prosecutor supports this conclusion. It thus appears that the defendant practiced a fraud upon the prosecutor by obtaining a shipment of coal upon a worthless check, to wit, a check on the Hamilton National Bank for $678.45. The passing of the worthless check took place in Johnson City, Tennessee, although the coal was shipped from a point in the State of Virginia. When this check was dishonored by the bank the defendant gave the prosecutor a check in the same amount drawn on the Peoples Bank of Johnson City, Tennessee. The contract was thus closed in Tennessee, and the Criminal Court of Washington County, Tennessee, had jurisdiction of the offense.

■ We think the passing of the two worthless checks was to all intents and purposes a single transaction. The circumstances attending the issuance of the check on the Peoples Bank appears from the testimony of Mr. Esco Wood, a partner in the Wood Coal Company, as follows:

Q. "Now, Mr. Wood, did Mr. Williams show you anything else at the time he gave you this check on the Peoples Bank?

A. "Yes sir, he showed me a deposit slip where he had moved his account to the Peoples Bank, and showed me a slip where he had deposited seven or eight thousand, I just forget which it was at the present time, and through that receipt I seen that it was signed and stamped by the bank, and I accepted this check in good faith.

Q. "Now, the deposit slip that you saw, presented to you by Mr. Williams, indicated that there was enough money in the bank to cover this check that you have here?

A. "Yes sir. And I received this check on the 13th day of February, and on the 14th all of the money

was drawn out of the bank and there wasn't enough there to pay this check."

Of course, this latter check "bounced" as did the first one. Mr. Wood later on discussed with the defendant his failure to make good this check, and other checks also.

Q. "Now, what did Mr. Williams say?

A. "Well, Mr. Williams told me plain, he said: 'I started out to beat you, I meant to beat you, I don't aim to pay them damn checks and you can't make me pay them'. Then I got busy and taken him with a warrant."

Mr. Wood took this Peoples Bank check after Mr. Williams had shown him the deposit slip herein referred to. If the check on the Hamilton National Bank was a fraud on the payee, as it clearly was, the one on the Peoples Bank as a substitute for it was no less a fraud as charged in the indictment. They both together were a fraud which Code Section 11157 expressly denounces. The pertinent part of the statute reads as follows:

"Any person who shall obtain, with fraudulent intent, money, or other property which may be the subject of larceny, or who shall obtain credit with like intent, by means of a check, draft, or order, of which he is the maker or drawer, which is not paid by the drawee, shall be guilty of a misdemeanor if the amount or value is sixty dollars or less; if the amount or value is more than sixty dollars he shall be guilty and punishable as in the case of larceny, of such money or other property, or of anything of value obtained on such credit, unless payment shall be made of such check, draft or order after giving three days' written notice mailed to the drawer's last known address; and the fact that such maker or drawer did not have on deposit or to his credit with

the bank, or person upon which such check, draft or order is drawn, sufficient funds to pay the same when presented, unless such check or draft is paid or accepted when presented, shall be prima facie evidence of fraudulent intent.''

The foregoing statute repeals so much of the false pretense statutes as deals with the phase of procuring money or value through bad checks. *Haley* v. *State,* 156 Tenn. 85, 299 S. W. 799.

The conviction of the defendant finds additional support in *State* v. *Nelson,* 195 Tenn. 441, 260 S. W. (2d) 170, wherein it was held:

''A release of a labor and material furnisher's lien on real estate is 'property which may be the subject of larceny', within worthless check statute, and when such release is obtained with fraudulent intent by means of a worthless check, it comes within offense created by such statute. Code, §§ 10936, 11157.''

The assignments of error are overruled, and the judgment of the trial court is affirmed.