No. 23161.

GROVER C. BEASLEY *v.* PEOPLE OF THE STATE OF COLORADO.

(450 P.2d 658)

Decided February 24, 1969.

JERRY E. QUICK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PAUL D. RUBNER, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

·BEASLEY, after trial to the court, was found guilty of making, drawing, uttering and delivering a short check of over $50 to obtain a "thing of value," to wit: an executed mechanic's lien waiver. This defendant seeks reversal principally on the ground that an executed mechanic's lien waiver is not a thing of value within the meaning of the short check felony statute. 1965 Perm. Supp., C.R.S. 1963, 40-14-20 (6) under which the defendant was charged states in pertinent part:

"Any person who shall make or draw or utter or deliver any check in the sum of fifty dollars or more . . . upon any bank to procure *a thing of value,* with the intent to defraud, cheat, or deceive any person, partnership, or corporation knowing that the maker, drawer, or payor has insufficient funds for the payment of such check in such bank shall be guilty of a felony . . .". (Emphasis added.)

■ Whether an executed mechanic's lien waiver is a "thing of value" under this statute has not been previously before this court. We hold that it is a "thing of value" for the reasons hereinafter discussed. The two other assignments of error advanced by the defendant are without merit and no purpose would be served by detailing them.

The defendant, who was engaged in the construction business, undertook to remodel a house pursuant to a contract which provided for a down payment and periodic payments during the course of the remodeling. The owners of the house paid the initial deposit but refused to make a periodic payment when they found out that the defendant was behind in paying for labor and materials. They refused to make any further payment until the defendant showed them receipts for labor and materials. Thereupon, the defendant presented his check

for $308.63 to Bailey Concrete Products to pay for materials which he had used in the remodeling job. When the defendant delivered this check, he knew that his bank account did not have sufficient funds to pay it. In return for his short check, defendant secured an executed mechanic's lien waiver from the materialman, who was the prosecuting witness here.

The crux of the defendant's argument is that a mechanic's lien is a right in realty as distinguished from a "thing of value" and that, therefore, its release is the waiver of a right in realty and is not therefore a "thing of value" within the meaning of the short check felony statute. This reasoning is premised on the common law rule that title deeds and other instruments evidencing rights in real property were not subject to a charge of larceny, and that the short check and false pretense statute deal with a form of larceny or theft. We hold this argument to be tenuous. Furthermore, we believe this contention lacks validity because our larceny statute, C.R.S. 1963, 40-5-2, as it existed formerly and as amended in 1967, includes as the objects of larceny and theft those means or muniments by which the right and title to property, real and personal, might be ascertained.

Also, defendant argues that 1965 Perm. Supp., C.R.S. 1963, 40-14-20 (6) is concerned with tangible personal property and not with a lien waiver which involves the giving up of a right or security interest in real property. We do not agree with this proposition. Under C.R.S. 1963, 86-3-1 *et seq.*, mechanic's and materialmen's liens arise automatically upon a subcontractor's furnishing of labor, materials or services. By definition, this lien is security for the costs of materials and labor furnished. As security, the lien is clearly a "thing of value" to a materialman and by giving it up in exchange for a worthless check, there is a loss of a "thing of value."

This interpretation of the meaning of a "thing of value" is not without analogous precedent in Colorado. In *Miller v. People*, 72 Colo. 375, 211 P.380, it was urged

by the defendant that a false pretense information did not charge an offense because it alleged the fraudulent securing of an endorsement on a check, and that such endorsement was not a thing of value under the false pretense statute. This contention was rejected by this court which held that the prosecuting witness' endorsement on the check which he re-delivered to the defendant was a "thing of value," because his endorsement on the check created an obligation to pay the holder, other than the defendant, the amount of the check. In a similar vein, it was held in *Knepper v. People,* 63 Colo. 396, 167 P.779 that the fraudulent securing by the accused of a signature on and delivery of a promissory note was a "thing of value" in a false pretense prosecution.

The gravamen of the offense with which the defendant is charged is the issuance and delivery of a worthless check. By his own act in deliberately giving a short check, the defendant has clearly shown his objective which is the securing of an executed lien waiver, "a thing of value" to him.

In our view, a "thing of value" as used in the short check felony statute is a phrase of sufficient generic import to encompass clearly within its meaning an executed lien waiver. See *State v. Nelson,* 195 Tenn. 441, 260 S.W.2d 170, which upholds a conviction for a short check given in consideration of an executed mechanic's lien waiver.

Judgment affirmed.