The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Frederick KUNZELMAN,
Defendant-Appellant.

No. 79CA0573.

Colorado Court of Appeals,
Div. I.

March 25, 1982.

Rehearing Denied April 15, 1982.

Certiorari Denied Aug. 3, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Frederick Kunzelman, appeals his conviction of fraud by check. We affirm.

On November 16, 1977, Ronald Wallace, a salesman for an automobile dealer, arranged for defendant Kunzelman, one of his customers, to purchase tires from a tire dealer at the automobile dealer discount rate. Wallace gave the tire dealer representative one of his employer's purchase order numbers, and defendant picked up

twelve studded snow tires. Because Kunzelman failed to pay for the tires when he picked them up, a charge of $1,039.93 was made to Wallace's account. Wallace promptly paid for the tires.

Several days later, Wallace, with a truck and a helper, went to defendant's home to obtain the tires for which he had paid. Kunzelman offered Wallace a check in full payment for the tires. Wallace, after accepting the check, permitted defendant to retain possession of the tires as his own. When defendant wrote the check, his account was already overdrawn in the amount of $39.84. His check to Wallace was twice returned by the bank because there were insufficient funds to cover it.

■ Kunzelman was convicted of check fraud pursuant to § 18–5–205(2), C.R.S. 1973 (1978 Repl.Vol. 8). He argues that this conviction must be reversed because he did not obtain a "thing of value" within the meaning of the statute when he issued his check. He claims the check was issued in payment of a preexisting debt. We do not agree with this theory.

Kunzelman relies upon *Moore v. People*, 124 Colo. 197, 235 P.2d 798 (1951) in which the Supreme Court held that the giving of a bad check in settlement of a past due account did not constitute an offense under the then existing check fraud statute. The rationale in that case, however, was that: "There is no intimation, or even slight suggestion, that the complaining witness ... was defrauded in any manner whatsoever, because he lost nothing and his financial condition did not change on the strength of the check." Not so in the instant case. Here, having paid for the tires, Wallace was their owner and had the right to possession of the tires when he came to Kunzelman's home on November 23. In order to obtain ownership and possession for himself, defendant issued his check to Wallace. When Wallace gave up ownership and his right to possession on the strength of the issuance of Kunzelman's check, Kunzelman obtained a "thing of value" within the meaning of the check fraud statute; the right to possession and ownership of the tires. *See*

*Beasley v. People*, 168 Colo. 286, 450 P.2d 658 (1969). Accordingly, we reject his argument that issuance of the short check did not constitute a violation of the check fraud statute.

■ Defendant also maintains that he is entitled to a new trial on the ground of juror misconduct. We disagree.

At the hearing on defendant's motion for new trial, defense counsel stated that he had been told by a bail bondsman that the latter thought that one juror had previously been incarcerated on a DUI charge. Citing *People v. Rael*, 40 Colo.App. 374, 578 P.2d 1067 (1978), defendant claims that the juror's failure to disclose that fact upon inquiry on voir dire mandates the granting of a new trial. Defendant, however, did not establish the truth of the bondsman's allegation, which was at the most hearsay, nor did he produce any evidence to show any prior conviction of the juror. Accordingly, the court committed no error in refusing to grant a new trial on the ground of juror misconduct. *Simmons v. People*, 70 Colo. 262, 199 P. 416 (1921).

The judgment of conviction is affirmed.

COYTE and PIERCE, JJ., concur.