The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

John Jesus HERNANDEZ, Defendant-Appellant.

No. 82CA1285.

Colorado Court of Appeals, Div. III.

Dec. 27, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Thomas A. Wallace, Aurora, for defendant-appellant.

BABCOCK, Judge.

Defendant, John Jesus Hernandez, appeals from the judgment of conviction entered on jury verdicts finding him guilty of one count of unlawful distribution, manufacturing, dispensing, sale, and possession of controlled substances, and one count of conspiracy to commit the crime of unlawful sale or distribution of a controlled substance. We affirm.

### I.

Defendant first asserts that the trial court erred in denying his motion for judgment of acquittal made at the close of the prosecution's case because the prosecution failed to meet its burden of proving that probable cause existed for a warrantless arrest. We disagree.

■ Defendant filed no motion to dismiss on this basis pursuant to Crim.P. 12(b)(2) and (3). Thus, he waived his right to challenge the legality of his arrest, *Massey v. People*, 179 Colo. 167, 498 P.2d 953 (1972), and the legality of his arrest is irrelevant to the issue of guilt.

### II.

Defendant also argues that the trial court erred in denying his motions to dismiss for violations of discovery procedures ordered by the trial court under Crim.P. 16, which allegedly resulted in a denial of due process. We find no error.

■ Technical noncompliance with Crim.P. 16, that does not cause prejudice to defendant will not constitute reversible error. *People v. Graham*, 678 P.2d 1043 (Colo.App.1983). Here, the discovery violations of which defendant complains are not supported by the record, were cured, or constituted technical noncompliance that caused no prejudice to defendant.

### III.

Defendant next asserts that the trial court erred in sustaining the prosecution's objection to cross-examination of undercover detective Batista concerning a possible plea bargain. He contends that this line of questioning was relevant to show motive on the part of the witness to set up the defendant in order to discover a more important drug dealer. Again, we disagree.

■ The constitutionally guaranteed right to confront and to cross-examine witnesses is not unrestricted and the trial court may prohibit cross-examination on irrelevant matters. *People v. Loscutoff*, 661 P.2d 274 (Colo.1983); CRE 611(b).

■ The asserted motive of the witness to "set up" the defendant was irrelevant to any issue in the case. CRE 401. And, while Batista may have been motivated to find a more important drug dealer, that motive does not, in and of itself, tend to show bias and prejudice on his part against the defendant. And, therefore, the proferred evidence was irrelevant. CRE 401; CRE 611(b). We find no abuse of discretion by the trial court in sustaining the prosecution's objection to the line of questioning. *People v. Loscutoff, supra.*

### IV.

Finally, defendant maintains that he is entitled to a new trial because of juror misconduct. Once again, we disagree.

In support of his motion for new trial, defendant submitted the affidavit and testimony of a juror that: During voir dire the juror thought she recognized defendant; during recess she attempted to contact the judge in this regard through the bailiff and the bailiff told her to "forget it"; she then brought the matter to the attention of a jury clerk; during trial she saw the defendant's parents and realized she did know the defendant; she was unable to bring these matters to the attention of the trial court following the trial; and this matter weighed on her mind because she knew that it was her duty to disclose this matter to the trial court. In answer to the court's questions she testified that this knowledge did not affect her verdict.

■ Defendant must establish that he was prejudiced by misconduct in the jury selection process in order to overturn his conviction. *Alvarez v. People*, 653 P.2d 1127 (Colo.1982); *People v. Espinoza*, 669 P.2d 142 (Colo.App.1983). Here, the misconduct was that of the trial court bailiff and of the jury clerk, and not of the juror. We conclude that defendant failed to establish that he was prejudiced by this misconduct. Furthermore, in view of the overwhelming evidence of defendant's guilt, any error was harmless beyond a reasonable doubt. *See Chapman v. California,*

386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

Defendant contends, however, that juror misconduct did occur through an improper application of pressure upon another juror. A defendant must establish the truth of the allegations on which he bases his motion for new trial and must produce evidence of the alleged juror misconduct. *People v. Kunzelman,* 649 P.2d 340 (Colo.App.1982). Failure to establish the truth of hearsay allegations contained in an affidavit will warrant denial of a motion for new trial based upon alleged juror misconduct. *People v. Stephens,* 689 P.2d 666 (Colo.App.1984). The only evidence of the alleged juror coercion is the affidavit of defendant's mother which was based on hearsay. Accordingly, the trial court did not abuse its discretion in denying defendant's motion for new trial.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.