The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Julio Cesar GUTIERREZ,
Defendant-Appellant.

No. 98CA0331.

Colorado Court of Appeals,
Div. V.

Sept. 16, 1999.

Rehearing Denied Nov. 12, 1999.

Certiorari Denied May 22, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1998.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Ellen K. Eggleston, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Julio Cesar Gutierrez, appeals from the judgment of conviction entered upon a verdict finding him guilty of one count of fraud by check. We affirm.

In November 1995, defendant was promoting a concert featuring a band from Colombia. A portion of the expenses associated with that venture was raised by means of a loan from a local businessman (the victim) which was arranged by an acquaintance and coworker of defendant (coworker). According to the terms of the loan, the victim was to be paid from the net proceeds of the concert plus 33% of the concert's profit.

The concert failed to produce net proceeds or a profit, and, as a result, defendant was unable to repay the victim as agreed. On December 4, 1995, defendant issued a check payable to the victim in the amount of $6,000 which was twice dishonored for insufficient funds. The conviction here at issue followed.

I.

The conviction here resulted from an insufficient funds check issued in payment, or partial payment, of a pre-existing debt. At trial, defendant moved for acquittal at the close of the People's case on the ground that there was insufficient evidence to convict because there was no evidence that he defrauded the victim out of anything of value. The trial court denied the motion.

Although the defendant did not raise the issue on appeal, we noted that in *Moore v. People*, 124 Colo. 197, 235 P.2d 798 (1951), our supreme court held that a dishonored check given for a past due account did not constitute a violation of the statute because the payee had not been defrauded in any manner by the transaction. Accordingly, we ordered supplemental briefs addressing this issue.

Defendant contends that the ruling in *Moore* is controlling. The People, on the other hand, contend that, because the statute has been amended, the rationale of *Moore* is no longer viable. We agree with the People, and conclude that § 18–5–205(2), C.R.S.1999, does criminalize the issuance of an insufficient funds check in payment, or partial payment, of a pre-existing debt.

The first fraud by check statute was adopted in 1885 and provided that any person who, with intent to cheat and defraud another, gave a check upon any bank in which the person did not have sufficient funds as payment of any debt in whatsoever manner contracted, was guilty of a misdemeanor. Colo. Sess. Laws 1885, 169, § 1.

In 1915, the General Assembly repealed and reenacted the statute to read:

> Any person who, with intent to defraud, shall make ... draw ... or utter or give any check upon any bank ... wherein such maker or drawer shall not have sufficient funds or credit for the payment of same, shall be guilty of a misdemeanor.

Colo. Sess. Laws 1915, ch. 71, at 196.

The statute, as formulated in 1915, was construed and applied in *Moore v. People, supra*, 124 Colo. at 206, 235 P.2d at 802, in which the court stated:

> There is no intimation, or even slight suggestion, that the complaining witness ... was defrauded in any manner whatsoever, because he lost nothing and his financial condition did not change on the strength of the check.

In 1957, the General Assembly again repealed and reenacted the statute to provide, in essential part, as follows:

> Any person ... who with intent to defraud or deceive, shall make or draw or utter or deliver any check ... upon any bank ... wherein such maker ... shall not have sufficient funds or credit for the payment

of the same, and thereby obtains from any person ... any money, personal property or other valuable thing, or who with the intent to defraud or deceive shall make ... any check ... upon any bank ... wherein such maker or drawer shall not have sufficient funds or credit for the payment of the same for the payment of services, wages, salary, labor or rent, shall be guilty of a misdemeanor.

Colo. Sess. Laws 1957, ch. 126, § 1.

In 1971, the General Assembly repealed and reenacted the statute again and exempted the payment of a pre-existing loan absent the receipt of additional value. The new statute provided, in part, that:

Except as to checks given in payment of services, wages, salary, or labor *the provisions of this section shall not apply to any check made, drawn, uttered, or delivered as payment for credit extended prior to the time when the check was used by the actor,* provided that in the event additional credit or some other thing of value is secured from the person, partnership, or corporation by whom the credit was extended, because of such a check, the provisions of this section shall apply.

Colo. Sess. Laws 1971, ch. 121, § 2 at 438 (emphasis added).

The statute was amended in 1972 to provide, in relevant part, as follows:

Any person who deceitfully issues a check which is not paid because the drawer has insufficient funds with the drawee issues a fraudulent check and commits fraud by check.

Colo. Sess. Laws 1972, ch. 48, § 2 at 280. "Deceitfully issues" was defined as follows:

A person deceitfully issues a check when, at the time he issues it, he has the intent to defraud or deceive any other person *and thereby obtains* from any other person money, property, or any other thing of value, tangible or intangible.

Colo. Sess. Laws 1972, ch. 48, § 1(b) at 279 (emphasis added).

In 1977, the statute was again repealed and reenacted to adopt the statute under which defendant was charged and convicted. Section 18–5–205(2) currently provides as follows:

Any person, knowing he has insufficient funds with the drawee, who, with intent to defraud, issues a check *for the payment of* services, wages, salary, commissions, labor, rent, money, property, or other thing of value, commits fraud by check. (emphasis added)

The current version of the statute does not contain the express language from the above-quoted 1971 version exempting the payment of a pre-existing debt. We view the General Assembly's repeal of that express language as an indication that it no longer intended to exclude such payments from the purview of the statute. *See People v. Hill,* 934 P.2d 821 (Colo.1997).

Furthermore, the General Assembly amended § 18–5–205(2) such that it now requires that the accused must knowingly issue an insufficient funds check "for the payment of" one of the listed purposes, rather than issuing a check such that he or she "thereby obtains" a specified item or advantage. We agree with the prosecution's argument that that amendment reflects an intent to criminalize the issuance of a bad check for a pre-existing debt.

Unlike "thereby obtains," the plain meaning of "for the payment of" does not suggest a contemporaneous exchange. Now, the check need not induce the giving of the "services, wages, salary, commissions, labor, rent, money, property, or other thing of value," because a causal relationship between the issuance of the check and the act of obtaining the thing of value is no longer necessary.

Accordingly, we conclude that the plain language of § 18–5–205(2) does not exclude payment of a pre-existing debt.

Our interpretation is buttressed by *People v. Kunzelman,* 649 P.2d 340 (Colo.App.1982), in which a division of this court held that an insufficient funds check issued to retain possession of personal property obtained on credit could form the predicate for a conviction under the statute.

We also conclude that the term "money" in § 18–5–205(2) includes loan proceeds; that is, the payment of an outstanding loan is payment for "money." *See Webster's Third New International Dictionary* 1458 (1986) (defining "money" as "capital dealt in as a commodity to be loaned or invested").

Accordingly, we hold that the issuance of an insufficient funds check in payment, or partial payment, of a pre-existing debt can constitute fraud by check pursuant to § 18–5–205(2).

## II.

Defendant's other contention is that the trial court abused its discretion by precluding the introduction of an agreement between himself and his coworker's wife. We find no error.

At trial, defendant attempted to introduce into evidence a document in which defendant agreed to reimburse coworker's wife for any losses she might sustain by virtue of her pledging real property to secure defendant's obligation to the victim. That document, which was executed almost a month before defendant issued the insufficient funds check, contained the following recital:

I, Julio Gutierrez, promise to pay [coworker's wife], any expenses occurring from the lost [sic] of property that she is placing as a collateral for the loan that [the victim] is giving [coworker's wife] in case of any lost [sic] and [coworker's wife] is forced to surrender her property titles, I will be responsible to pay back for her lost [sic]. The amount of the price of her property is valued at $12,000.00.

The prosecution objected on the grounds that the agreement was irrelevant as it did not touch upon defendant's state of mind at the time he issued the insufficient funds check. Defendant countered that the evidence was relevant for two reasons: (1) it impeached the coworker's credibility as to his testimony that he had "limited involvement in guarantees to [the victim]," and (2) the document was essentially "an indemnification agreement" which somehow negated defendant's intent to defraud the victim.

The trial court excluded the evidence, concluding that the purported agreement was between the coworker and defendant and did not "indemnify [the victim] one penny." The court concluded that the evidence pertained to "collateral issues," and did not relate to whether defendant intended to defraud the victim by issuing him an insufficient funds check.

CRE 401 provides for the exclusion of irrelevant evidence at trial. Under CRE 401, evidence is relevant when it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. A trial court has broad discretion to determine whether tendered evidence is relevant, and that decision will be upheld absent an abuse of discretion. *People v. Tippett*, 733 P.2d 1183 (Colo.1987).

Our review of the record indicates that defendant's execution of the agreement was relevant only to his state of mind at the time the agreement was signed and only as to coworker's wife. It had no relevance to his state of mind at the time he issued the insufficient funds check approximately three weeks later, nor was it relevant to his state of mind as to the victim.

Therefore, we conclude that the trial court did not abuse its discretion in excluding the evidence. *See People v. Taylor*, 190 Colo. 210, 545 P.2d 703 (1976).

Judgment affirmed.

Judge ROTHENBERG and Judge TAUBMAN concur.