No. 25945

**The People of the State of Colorado v.
Otis O'Dell Mays**
(525 P.2d 1165)

Decided September 3, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Allan Lipson, Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant-appellant, Otis O'Dell Mays, was convicted of forgery — C.R.S. 1963, 40-6-1 — and his conviction was affirmed by this court. *Mays v. People,* 177 Colo. 92, 493 P.2d 4 (1972). Reference is made to the reports for an exposition of the facts rather than repeat them here.

Subsequent to our affirmation of Mays' conviction, he filed a motion for new trial based upon newly discovered evidence. Crim. P. 33. The motion was supported by the affidavit of one Thomas Higgins. The trial court denied the motion. We affirm.

In his affidavit Higgins states that he and his wife were present when C. L. Miller gave the money order to the defendant and that it was in the amount of $50 when it was delivered to the defendant. This, if true, would negate the fact that the money order when issued was for $1.28 and the inference that the defendant made the alteration. Higgins also stated that the defendant gave Miller $20 in change. This tends to corroborate the testimony given by the defendant at trial.

█ A motion for new trial based on newly discovered evidence is generally not looked upon with great favor. *Kelley v. People,* 166 Colo. 322, 443 P.2d 734 (1968); *Edwards v. People,* 73 Colo. 377, 215 P. 855 (1923); *Ives v. People,* 86 Colo. 141, 278 P. 792 (1929); *Blass v. People,* 79 Colo. 555, 247 P. 177 (1926); *Eachus v. People,* 77 Colo. 445, 236 P. 1009 (1925). To do otherwise would encourage counsel to neglect to gather all available evidence for the first trial and, if unsuccessful, then to become diligent in securing other evidence to attempt to reverse the outcome on a second trial.

In *Edwards* this court observed:

"Courts will see to it that there is not a miscarriage of justice, and are sometimes indulgent in their requirements as to a showing of newly discovered evidence, if they are impressed with the conviction that there has been a miscarriage of

justice, even if the newly discovered evidence be incidently impeaching in its nature and merely cumulative, when satisfied that there is probable cause that the result would be different as the result of such testimony. We do not believe there has been a miscarriage of justice in this case, and due diligence was not shown."

The trial court, as a prelude to its denial of the motion, noted that the affidavit was "made by a man down at the penitentiary, about something that happened five years before"; that although the affiant stated that his wife had delivered a money order for $50 to Carl Miller, who in turn delivered it to the defendant, there is no affidavit from the affiant's wife; that there was no showing that Higgins, the affiant, was not available to testify at the trial; and concluded:

"The court can't see that the results of the trial would have been any different if Higgins had testified or if he hadn't testified at all."

 We agree with the trial court that the evidence was cumulative in nature and could, with the exercise of due diligence, have been discovered *before* trial, and that the outcome of the case on retrial would probably be the same. *See Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (1971); *Kelley v. People, supra; Isbell v. People,* 158 Colo. 126, 405 P.2d 744 (1965); *Whipp v. People,* 78 Colo. 134, 241 P. 534 (1925). We note that the information was filed October 17, 1967, and the trial was held about June 10, 1968. The intervening eight months gave the defendant adequate time to prepare his defense.

Under the circumstances, the trial court ruled correctly.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE LEE do not participate.