## No. 26083

## The People of the State of Colorado v. Richard Gene Gallegos
(528 P.2d 229)

Decided November 18, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Dufford & Williams, Laird T. Milburn, for defendant-appellant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The defendant, Richard Gene Gallegos, stands convicted of second-degree burglary in violation of 1971 Perm. Supp., C.R.S. 1963, 40-4-203. This appeal is premised solely on the trial court's denial of his motion for new trial based upon newly discovered evidence. Crim. P. 33. We affirm.

The defendant and one Gomez were charged jointly by information, filed December 21, 1972, with the burglary of a liquor store. On February 15, 1973, the court granted Gomez' motion for severance. Up to this point defendant and Gomez were both represented by Mr. Milburn, who continued as defendant's attorney after the severance. The prosecuting attorney elected to try Gallegos first and the defendant waived his right to a jury trial. On April 3, 1973, after trial, the court found Gallegos guilty. On May 7, 1973, the matter came on for the sentencing of Gallegos and for the arraignment of Gomez on a change of plea. At this hearing Gomez tendered a plea of guilty to attempted burglary.

In the course of the court's interrogation of Gomez, Gomez initially stated that he broke the glass in the liquor store door in order to steal whisky, but later modified his story to the effect that he broke the glass because he was angry with his wife for her refusal to reconcile their differences. As a result, the court refused to accept the guilty plea. Nevertheless, Gomez stated that he was willing to testify for the defendant as indicated by his affidavit which was attached to defendant's motion for new trial.

In his motion for new trial the defendant alleged, *inter alia,* that:

"1. Defendant has discovered a new witness, Johnny Edward Gomez, whose testimony will be of an exculpatory nature, establishing the innocence of the defendant as an accessory to burglary.

"2. Johnny Edward Gomez was not available to testify at the original trial of defendant. This is due to the fact that Johnny Edward Gomez was facing criminal charges of burglary and attempted burglary arising out of the same transaction for which Richard Gene Gallegos and Johnny Edward Gomez were arrested and subsequently charged by information. Johnny Edward Gomez had been advised, prior to Richard Gene Gallegos' trial, not to speak to anyone or testify in any court proceedings con-

cerning the above described events, and defendant Richard Gene Gallegos was unable to compel Johnny Edward Gomez to testify because of Johnny Edward Gomez' constitutional rights against self-incrimination under both the Colorado constitution and the United States Constitution.''

 Generally, a motion for new trial on grounds of newly discovered evidence is regarded with disfavor. *People v. Mays,* 186 Colo. 123, 525 P.2d 1165 (1974) and cases cited therein. *Miller v. People,* 92 Colo. 481, 22 P.2d 626 (1933). Such a motion is addressed to the sound discretion of the trial court and unless an abuse of discretion is affirmatively shown, its denial will not be disturbed on appeal. *People v. Mays, supra; Patton v. People,* 114 Colo. 534, 168 P.2d 266 (1946).

The trial court found that the defendant's complicity in the offense was established beyond a reasonable doubt. The testimony elicited at trial established that the glass front door of a liquor store had been broken, causing an alarm to be activated; and that ''within a minute'' the first police officer arrived on the scene. This police officer testified that he saw an individual standing near the front door, who, upon seeing the police approaching, ran to a car parked adjacent to the liquor store, got into the car on the driver's side and fled. Within the officer's sight the entire time, the fleeing suspect's car was intercepted by a second police car within a block of the liquor store. Whereupon, the driver left his car and fled the scene. Shortly thereafter he was apprehended by the first officer. The suspect was identified as the defendant.

The second individual's identity was learned by the police officers after they returned to the station house. The defendant asked them where ''Johnny'' was. They inquired, ''Johnny who?'' The defendant answered, ''Johnny Gomez.'' The officers went immediately to Gomez' house and found him with glass shards or fragments on the sleeve of his coat as well as snow still on his shoes. It was 4:00 a.m.

Following the defendant's conviction, Gomez decided to plead guilty and assume full responsibility. He signed an affidavit in which he stated that on the night of the alleged burglary while riding with defendant he requested the defendant to stop near the

liquor store so that he could relieve himself. Gomez averred that he got out of the automobile and broke the glass in the liquor store door while the defendant remained in the vehicle, having no knowledge of his malicious intent.

This proffered accounting of the events leading to the defendant's arrest is substantially identical with the testimony given by the defendant at trial.

Gomez explained his reasons for not offering his testimony sooner in these words:

". . . because Mr. Dickie D. Lewis, affiant's lawyer, advised affiant there was a real possibility the charge against affiant would be dismissed if Richard Gene Gallegos were found not guilty.

"That affiant was reluctant to voluntarily testify for or against Richard Gene Gallegos because affiant was advised by Mr. Dickie D. Lewis that such testimony might later be used against affiant if affiant were required to stand trial."

▉ The defendant and Gomez were together for at least 12 hours before their arrest. Prior to defendant's trial, both he and Gomez were free on bond. Furthermore, until the severance of their cases; both of the accused were represented by the same attorney. Under these circumstances it cannot be said that Gomez is either a "new witness" or that his testimony is newly discovered. Clearly, evidence within the defendant's knowledge before trial does not constitute newly discovered evidence. *Gasper v. People,* 83 Colo. 341, 265 P. 97 (1928).

▉ As a further matter, the proffered testimony of Gomez would, at most, be corroborative of the defendant's own testimony and have an incidental effect of impeaching the testimony of the arresting police officer. The trial court made a specific finding that it was not convinced that there was any probability that the admission of this so-called newly discovered evidence would result in a different verdict at a second trial. In so finding, the trial court applied the proper rule that evidence which is cumulative or corroborative will normally not support the granting of a motion for new trial. *Miles v. People,* 131 Colo. 400, 282 P.2d 1096 (1955); *Campbell v. People,* 124 Colo. 8, 232 P.2d 738 (1951).

We have reviewed the testimony of the police officers and that of the defendant and his girl friend. It does not appear that there has been a miscarriage of justice nor that the result would be different on retrial. We agree with the trial court's conclusion on this point. *Hampton v. People,* 171 Colo. 101, 465 P.2d 112 (1970); *Stout v. People,* 171 Colo. 142, 464 P.2d 872 (1970).

 The defendant contends that because Gomez had the glass fragments on his clothing that the police officer was necessarily mistaken in claiming that the defendant was the person who ran from in front of the store to the driver's side of the car and who got out of the driver's side and attempted to flee. However, the defendant admitted that the car belonged to him, that he drove the car in an attempt to escape and that when his way was blocked by the second police car, it was he who fled on foot and was captured by the police officers. Since the defendant was never out of the police officer's sight, the contention shared by the defendant and his "new" witness lacks credibility. On the other hand, it is perfectly logical to infer from the known facts that defendant broke the glass and that Gomez reached through and attempted to take a bottle; and that Gomez was the first to see the police approaching and got into the car without the police officer seeing him.

In summary, the trial court did not abuse its discretion in concluding that the proffered evidence would not change the outcome of a second trial.

The judgment is affirmed.

MR. JUSTICE ERICKSON concurs in the result only.