## No. 25996

## The People of the State of Colorado v.
## Arthur Nickolas Scheidt
(528 P.2d 232)

Decided November 18, 1974.          Rehearing denied December 9, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, Dale Tooley, District Attorney, Brooke Wunnicke, Chief Deputy, for plaintiff-appellee.

Earl S. Wylder, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Scheidt was convicted of first-degree murder and sentenced. On appeal, we affirmed this judgment. *People v. Scheidt,* 182 Colo. 374, 513 P.2d 446 (1973). This defendant then filed a motion for a new trial based on newly discovered evidence. After lengthy hearing, the trial court denied the motion. On this appeal, the defendant urges that the trial court erroneously denied his motion. We agree with the trial court's ruling and judgment, and therefore affirm. On oral argument, the parties noted that this motion should be regarded as a motion under Crim. P. 35(b). We agree and deem this to be a 35(b) motion.

The defendant's motion was grounded on the allegation that at the time of the trial the district attorney possessed a confession by one Ronald Hawkins, in which he confessed the killing for which this defendant was convicted, and that a copy thereof was not supplied to defense attorneys before or at the time of trial.

Motions for new trial based on newly discovered evidence are not looked upon with great favor. A denial of such a motion will not be overturned unless there has been shown a clear abuse of the trial court's discretion. *People v. Mays,* 186 Colo. 123, 525 P.2d 1165 (1974); *Digiallonardo v. People,* 175 Colo. 560, 488 P.2d 1109 (1971).

■ To succeed on a motion for a new trial on this ground, the defendant should show that the evidence was discovered after the trial; that defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; that the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and that on retrial the newly discovered evidence would probably produce an acquittal. *Digiallonardo, supra.* In *DeLuzio v. People,* 177 Colo. 389, 494 P.2d 589, (1972) and *Cheatwood v. People,* 164 Colo. 334, 435 P.2d 402 (1967), it is stressed that the newly discovered evidence must be of such a character as to probably bring about an acquittal verdict if presented at another trial.

A brief review of the evidence presented during the course of the lengthy hearing demonstrates that the findings of the trial judge were supported by sufficient competent evidence.

The record clearly shows that defense counsel became aware of the confession during the course of the trial. The alleged confession was discussed by counsel for the defendant and for the prosecution while the trial was in recess. Defense counsel even admitted that during the course of the trial he became aware of the existence of the statement. It is to be noted that defendant's counsel on this appeal was not his counsel at trial or at the hearing on the new trial motion.

The trial court's determination that the confession would not have resulted in an acquittal is also supported by the record. The prosecution established that the "confession" contained numerous discrepancies regarding the number of bullets fired in the commission of the crime, and the number of participants in the crime. Additionally, the prosecution argued that Hawkins, who confessed to the crime, was employed in Ulysses, Kansas from August 21 to August 29, 1969. Hawkins contended that he committed the crime on a weekend trip to Denver. But the crime was committed on August 26, 1969, a Tuesday.

On the other hand, Scheidt's conviction was supported by testimony of two persons who said that Scheidt told them he had robbed the store so that he could obtain money to get a girl out of jail. The testimony of Scheidt's mother was also incriminating. His theory of the case was self-defense, not mistaken identity.

The trial court made a series of findings at the conclusion of the hearing on the defendant's motion. The judge who presided at the hearing was also the trial judge, and some of his findings significantly reveal that the prosecution's trial evidence was most conclusive in placing the defendant at the scene of the murder.

■ In summary, the evidence produced at the hearing amply supports the trial court's findings to the effect that Hawkins' confession was false; that its existence was in fact made known to defense counsel during the trial; that defense counsel made no effort to have the confession produced; and that even if presented at trial, it would "undoubtedly" not have changed the result.

■ Defendant also argues that a new trial should be granted because the prosecution intentionally withheld the confession from defense counsel. It is well established that evidence which is suppressed by the police or prosecution results in a denial of due process. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *Giles v. Maryland,* 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967); *Cheatwood, supra.*

But such suppression is not borne out by the record presented in this case. Indeed, prosecution counsel mentioned this confession to defense counsel during the course of the trial. His comment was to the effect that he hoped that the waters would not be muddied by the phony confession. This is at least indicative that the prosecution believed that defense counsel possessed the confession. It had been supplied to the public defender's office, which was representing Scheidt's co-defendant Knapp, in a separate trial. The public defender chose not to make any use of the confession in this trial. Knapp was found guilty as an accessory to first degree murder. This conviction was affirmed in *People v. Knapp,* 180 Colo. 281, 505 P.2d 7 (1963).

On this record, particularly in light of the findings by the trial judge that the confession would not produce a different result on retrial, we are of the view that the commands of *Brady, supra,* and *Giles, supra,* have not been violated.

Judgment affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.