MR. JUSTICE GROVES
delivered the opinion of the Court.
The defendant was convicted on each of two counts. The first was for having “in his possession for sale a narcotic drug, Cannabis, with intent to induce or aid another to unlawfully possess said narcotic drug.” The sec *57 ond was for having in “his possession for sale a dangerous drug, Secobarbital, with intent to induce or aid another to unlawfully possess said dangerous drug.” We are unable to escape the conclusion that, if so-called newly discovered evidence had been introduced at the trial, the result might have been different. We, therefore, reverse and remand for a new trial.
The defendant, a resident of a Chicago, Illinois, suburb, had been in Tucson, Arizona and was driving a pick-up with attached camper to Illinois. When in the vicinity of Pagosa Springs, Colorado, the pick-up went off the road and overturned, scattering some of the contents of the camper on the ground. There was contained in the vehicle 300 pounds of marijuana having a wholesale value of approximately $30,000 and secobarbital having a value of about $25. The defendant hid some of the marijuana nearby and a passerby gave him a ride to Durango, where he entered a hospital. From the hospital he reported the accident to the State Highway Patrol.
In the meantime and independently, a State Highway Patrolman discovered the wreckage, the marijuana and the secobarbital.
There was a certificate of title in the wrecked pick-up, showing that it was owned by Harry Cornell of Tucson, Arizona.
Some of the defendant’s testimony was as follows: That he had met Cornell in Tucson; that Cornell was on or about to commence his vacation and desired to go camping in Canada with his girl friend, who was already in Chicago; that Cornell did not want to spend the time driving the pickup to Illinois, but preferred to fly in order to commence the camping trip; and that Cornell asked the defendant to drive the pick-up to Illinois; and defendant accepted as it would be much cheaper than flying.
Defendant further testified that Cornell locked the camper when the defendant left Tucson and Cornell kept the key; that defendant had no idea that contraband was in the camper; and that, following the accident, he noticed what appeared to be marijuana and hid it, feeling that otherwise he would be in an incriminating position.
The chief special investigator for the district attorney was called by the People and testified to the following effect: That the motor vehicle title was issued to Harry Cornell of 6722 E. 39th Street, Tucson, Arizona; that the “sales slip on the title” was made to Gary Cornell of 32 W. Rialto in Tucson, Arizona; that one of the addresses was fictitious and that neither Harry Cornell nor Gary Cornell had lived at the other address; and that the company who sold the vehicle could not remember anything concerning the purchaser, except that he did purchase it with cash. The investigator further testified, “I don’t believe there is a Mr. Cornell.”
After the defendant was sentenced, the undersheriff of Archuleta County made an investigation and determined that Harry Cornell did in fact formerly live at 6722 E. 39th Street, Tucson, Arizona; that, prior to the time the defendant testified that he had made the arrangement with Cornell to drive the pick-up, officers had found “canibas” in the residence *58 having that address; and that “Cornell was then living there at with one Carol Donahue F/W/25 who is known to Tucson P.S. as a dealer in narcotics.”
The results of this investigation became the basis of a motion for new trial on the grounds of newly discovered evidence. At the hearing on this motion the undersheriffs report was introduced in evidence and the undersheriff testified. At the conclusion, the court made an oral ruling in which he found, among other things, that this was not newly discovered evidence, but rather additional evidence to support the defendant’s theory and testimony to refute the prosecution witness’ testimony to some extent. The court further found that “the Undersheriff believes [defendant] is still not telling the whole truth, as there were discrepancies in his stories that had not checked out.” The court denied the motion for new trial.
We cannot escape the conclusion that, had the jury known that there actually was a Harry Cornell, it might not have found the defendant guilty of possession of a narcotic for sale, with intent to induce or aid another to unlawfully possess it. We have here a situation in which the defendant was driving a vehicle in which there was a large quantity of marijuana. He testified that he was driving the vehicle from Tucson, Arizona to Illinois for Harry Cornell, and that he did not know that there was contraband locked in the camper.
The jury could well have believed the testimony of the district attorney’s investigator that Harry Cornell was fictitious and, as a result, disbelieve the rest of the testimony of the defendant. If the misstatement as to the lack of existence of a Harry Cornell had not been made to the jury, it very well might have not found the defendant guilty of the particular charge.
The offense of which the defendant was convicted under the first count is a serious one, being C.R.S. 1963, 48-5-20.[1] The penalty under this verdict is imprisonment in the state penitentiary for not less than ten nor more than twenty years for the first offense, with no parole until at least the minimum sentence has been served. If the incorrect statements of fact had not been placed before the jury by the People, it well might be that the jury would have convicted the defendant of the lesser included offense of possession of a narcotic drug under C.R.S. 1963, 48-5-2.[2]
We direct attention to court and counsel that we have been unable to find in the statutes any crime as charged in the second count. The defendant is entitled to a new trial under the first count and, if a second count remains, under that count. Since the sufficiency of the allegations in the second count has not been argued, we leave the disposition of that count and any substituted count to the further action of the trial court.
*59 The judgment is reversed and the cause remanded, for further proceedings consistent with the views expressed in this opinion.
MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE HODGES do not participate.

This is now Section 12-22-322, C.R.S. 1973.

This is now Section 12-22-302, I973.