The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

James H. BOARD, Defendant-Appellant.

No. 81CA0351.

Colorado Court of Appeals,
Div. I.

Sept. 9, 1982.

Rehearing Denied Oct. 21, 1982.

J.D. MacFarlane, Atty. Gen., Dale Tooley, Dist. Atty., O. Otto Moore, Keith Johnson, Brooke Wunnicke, Asst. Dist. Attys., Denver, for plaintiff-appellee.

Vranesic, Gordon & Visciano, Frank W. Visciano, Denver, for defendant-appellant.

STERNBERG, Judge.

Following a jury trial, James H. Board was convicted of tampering with physical evidence, a violation of § 18–8–610, C.R.S. 1973 (1978 Repl.Vol. 8). He appeals and we affirm.

A grand jury was investigating Board to determine whether he had committed the crime of theft by working for and being paid by the United Bank of Denver as a private security guard at a warehouse at times when he was employed by and being paid by the City and County of Denver as a police officer. During that investigation, Board retained the services of an attorney, Robert A. Dill, to represent him. Dill learned from a deputy district attorney that Board's brother-in-law, Robert Hooper, may have worked as a security guard at the United Bank's warehouse in Board's place on several occasions. After consulting with Board, Dill prepared an affidavit for Hooper's signature which stated that he had filled in for Board at the warehouse job while Board was on duty as a police officer. That affidavit was subsequently signed by Hooper and delivered to the grand jury.

Subsequently, Hooper testified before the grand jury and recanted the statement in his affidavit that he had worked in place of Board at the warehouse. The grand jury returned an indictment against Board, and following a jury trial, Board was convicted of tampering with physical evidence. Thereafter, Hooper changed his story again, and stated that the statements in his affidavit were correct. Board thereupon filed a motion for new trial which was denied.

Board seeks reversal alleging: Venue in the county of Denver was not proven; a new trial should have been granted on the basis of newly discovered evidence; compelling Dill to testify violated the attorney-client privilege; Board's Fifth Amendment privilege was violated by statements to the grand jury that Board had refused to speak with investigators; it was improper for the prosecutor to list himself as a witness in the indictment; the statute under which defendant was convicted does not proscribe the conduct which Board allegedly commit-

ted; and the evidence was insufficient to sustain the conviction.

## I.

■ Contrary to Board's first contention, venue was established. The prosecution did not have to prove that Board personally delivered the false affidavit to the grand jury. It was sufficient for the prosecution to prove, if only by circumstantial evidence, that Board had solicited, abetted, agreed with, aided, or attempted to aid another in the commission of the offense in the City and County of Denver. Crim.P. 18(a)(8). *See Tate v. People,* 125 Colo. 527, 247 P.2d 665 (1952). Here, the record indicates that Dill conferred with Board regarding the contents of the affidavit, he prepared the affidavit, mailed it to Board, later received it back signed by Hooper, and delivered it to the district attorney. Board testified that he saw the affidavit before it had been signed by Hooper. From these facts, which occurred in Denver, it was reasonable for the jury to infer that Board induced Hooper and Dill to deliver the affidavit to the grand jury in Denver on his behalf.

## II.

We also disagree with Board's next contention—that he should be granted a new trial on the basis of newly discovered evidence. This claim is based on statements by Hooper's ex-wife, Board's wife, and Board's trial attorney about Hooper's recanting of his denial of the truth of the statements in his affidavit.

■ Motions for new trial based on newly discovered evidence are "to be regarded with disfavor.... The granting or refusing of such a motion rests within the sound discretion of the court." *Blass v. People,* 79 Colo. 555, 247 P. 177 (1926).

■ Considering the relationships between Board and the witnesses presented in the motion for new trial, we conclude it was reasonable for the trial court to regard their statements as having questionable re-

liability and, thus, to deny the motion. *See People v. Scheidt,* 187 Colo. 20, 528 P.2d 232 (1974). *See also People v. Gallegos,* 187 Colo. 6, 528 P.2d 229 (1974); *People v. Mays,* 186 Colo. 123, 525 P.2d 1165 (1974).

## III.

Contrary to his next contention, we conclude Board's attorney-client privilege was not violated by the trial court's order compelling Robert Dill to testify. The trial court concluded that Dill could be required to testify because the communication from Board pertained to the ·commission of a crime. We agree with this conclusion and therefore it is unnecessary for us to rule on the other basis relied upon by the trial court for its ruling.

■ The attorney-client privilege is not absolute. *A. v. District Court,* 191 Colo. 10, 550 P.2d 315 (1970). Public policy considerations have led to the adoption of a "crime-fraud" exception. By this exception, communications between a client and his attorney are not privileged if they are made for the purpose of aiding the commission of a future crime, *i.e.,* if the communications relate to "future wrongdoing rather than prior misconduct." *Law Offices of Bernard D. Morley v. MacFarlane,* 647 P.2d 1215 (Colo.1982).

■ Nevertheless, there must be a *prima facie* showing that the exception applies before the communication is stripped of its privilege. In *Morley, supra,* this burden was held to have been met based upon a showing of "a foundation in fact" or a "potential relationship." And, in *A. v. District Court, supra,* the indictment together with other evidence produced was held to be sufficient to meet the burden. Whether the prosecution has established a proper foundation in fact for the application of the crime-fraud exception is best left for determination by the trial court, whose exercise of discretion will not be overturned unless the record shows an abuse of that discretion. *Morely, supra.* Because our review

of the record discloses a *prima facie* basis for application of the crime-fraud exception we hold that the trial court did not abuse its discretion in ordering Dill to testify.

## IV.

 Board next asserts that his Fifth Amendment right to remain silent was violated when a witness before the grand jury testified that Board had refused to speak with the investigators. Although it is impermissible for the prosecution to comment at trial on a defendant's decision to remain silent, *People v. Reynolds,* 194 Colo. 543, 575 P.2d 1286 (1978), we know of no authority warranting the extension of this rule to grand jury proceedings. This is especially true where, as here, the disputed testimony was by a grand jury investigator who simply asserted that persons under investigation had refused to talk to him.

 Board also contends that the mere listing of the prosecutor's name on the indictment as a potential witness tainted the indictment. The prosecutor's potential testimony here was relevant only to an uncontested matter: his contact with Board's attorney advising of the possibility that Hooper had worked in place of Board at the warehouse. The prosecutor did not testify before the grand jury even though his name was listed as a witness. And, the prosecutor's potential testimony was not prejudicial. *See People v. District Court,* 192 Colo. 480, 560 P.2d 463 (1977). Accordingly, we reject both of the attacks on the grand jury proceedings.

## V.

 We also reject Board's argument that the false affidavit is not "physical evidence" as contemplated by § 18–8–610, C.R.S. 1973 (1978 Repl.Vol. 8). That section provides in pertinent part:

"(1) A person commits tampering with physical evidence if, believing that an official proceeding is pending or about to be instituted and acting without legal right or authority, he:

. . . .

(b) knowingly makes, presents, or offers any false or altered physical evidence with intent that it be introduced in the pending or prospective official proceeding.

(2) 'Physical evidence', as used in this section, includes any article, object, document, record, or other thing of physical substance."

To conclude that a false affidavit presented to a grand jury does not come under this statute's definition section would defeat the legislative intent as clearly expressed in plain language. *Tacorante v. People,* 624 P.2d 1324 (Colo.1981); *People v. Lee,* 180 Colo. 376, 506 P.2d 136 (1973).

## VI.

 Board's final contention—that there was insufficient evidence to sustain his conviction—is similarly without merit. The prosecution presented testimony by Hooper that the affidavit prepared by Dill was false. Board knew the contents of the affidavit and assisted Dill in preparing it. Under these facts, Board's guilt or innocence was a jury question. *See People v. Christian,* 632 P.2d 1031 (Colo.1981); *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.