The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Richard Henry JONES, Defendant-Appellant.

No. 82CA1348.

Colorado Court of Appeals, Div. III.

March 8, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Nov. 5, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Valerie J. McNevin-Peterson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Winzenburg & Leff, Lawrence B. Leff, Aurora, for defendant-appellant.

METZGER, Judge.

Defendant Jones was convicted after a jury trial of theft over $10,000. He raises several contentions of error; we reverse and remand because of the trial court's denial of his motion for new trial based on newly-discovered evidence.

Defendant worked for Keyboard Carriers, a Denver moving firm. On December 4, 1980, McEwen Music, Inc., hired Keyboard Carriers to deliver a valuable new Lowrey electric organ which it was lending

to a school for a promotional concert. The delivery was made that day. At approximately 11:00 the following morning, two students saw two men put the organ in a truck and drive away with it. That evening, McEwen Music, Inc., was notified that the organ was missing.

The students did not realize they had witnessed a theft until they read about the missing organ in the school paper, at which time they came forward. Presented with a police photo lineup, one student identified defendant Jones as a perpetrator, while the other student tentatively identified the picture of Gerald Baird, another Keyboard Carriers employee who resembles Jones. After Jones' arrest, both students identified him at the preliminary hearing, and again at trial.

On January 8, 1981, Alice McEwen, president and owner of McEwen Music, Inc., received a telephone call from Tommy Walters, another employee of Keyboard Carriers and Jones' co-defendant at trial. McEwen testified that Walters told her that he knew where the organ was and demanded money for its return. Both Walters and Jones were charged with the theft of the organ, although Jones denied any knowledge of or participation in the theft of the organ or the January 8 telephone call. The trial court denied both defendants' motions for severance, and they were each convicted of theft over $10,000.

At a hearing on both defendants' motions for new trial based on newly-discovered evidence, George Martin, who was also a Keyboard Carriers employee, testified. He stated that Gerald Baird had told him that he, Baird, and another man named Lonnie had been the ones who had taken the organ. Martin testified that he had not related this information to anyone because he had expected Walters and Jones to be acquitted. He further stated that he was a friend of Walters, Jones, and Baird, and that he had promised Baird that he would tell no one about Baird's statements. He told defendants only after their conviction.

Initially, the trial court granted defendants' motions for new trial based on newly-discovered evidence. The District Attorney filed a motion for reconsideration, which only restated the arguments made during the hearing on defendants' motions for new trial. Without hearing or argument, the trial court granted that motion. When defendants renewed their motions for new trial they were again denied, and sentence was imposed.

## I.

Defendant contends that the trial court erred in ultimately denying his motion for new trial. He argues, first, that the trial court lost jurisdiction to modify or reverse its ruling once it had granted the initial motion for new trial and, second, that denial of his motion on its merits constituted a clear abuse of discretion. We agree as to the second of these contentions and, therefore, reverse and remand for a new trial.

## A.

█ We decline to adopt the Florida approach to this problem as urged by defendant, *Burton v. State*, 296 So.2d 79 (Fla. App.1974), and *State v. Morris*, 359 So.2d 478 (Fla.App.1978), that a trial court's initial ruling upon a motion for new trial, whether favorable or not, constitutes a final judgment and thus divests the court of any further jurisdiction to reverse or to amend its own order. This rule is contrary to the Colorado rule that the granting of a motion for new trial does not constitute an appealable final judgment. *People v. Cochran*, 176 Colo. 364, 490 P.2d 684 (1971).

## B.

█ We agree with defendant's contention that the trial court abused its discretion when it ultimately denied his motion for new trial based on newly-discovered evidence.

█ Motions for new trial based on newly-discovered evidence are generally looked upon with disfavor, *People v. Mays*, 186 Colo. 123, 525 P.2d 1165 (1974), and a denial of such a motion will not be over-

turned unless it has been shown that the trial court clearly abused its discretion. *People v. Scheidt*, 187 Colo. 20, 528 P.2d 232 (1974). For a motion for new trial based on newly-discovered evidence to succeed, the moving party must establish: (1) that the evidence was discovered after the trial and defendant and his counsel exercised diligence to discover all evidence favorable to defendant prior to and during the trial; (2) that the evidence is material to the issues involved and is not merely cumulative or impeaching; and (3) that on retrial the newly-discovered evidence would probably produce an acquittal. *Digiallonardo v. People*, 175 Colo. 560, 488 P.2d 1109 (1971); *DeLuzio v. People*, 177 Colo. 389, 494 P.2d 589 (1972).

Here, the trial court found, in its initial ruling granting defendant's motion for new trial, that the newly-discovered evidence—the testimony of George Martin—met the necessary criteria, and the evidence supports that determination. Martin's account of Gerald Baird's admission, that Baird and another person had in fact been the perpetrators, represents an entirely new element in the case. *People v. Kingery*, 189 Colo. 56, 536 P.2d 822 (1975). Furthermore, Martin testified that, because he expected defendants to be acquitted, he would not have revealed Baird's admission to anyone prior to trial. Hence, defendants could not have been at fault in failing to discover the existence of Baird's admission before trial. And, in light of the circumstances of the theft, we cannot say that this evidence probably would not have affected the outcome of the case. *See Cheatwood v. People*, 164 Colo. 334, 435 P.2d 402 (1967).

## II.

Defendant's allegation of error with regard to severance is without merit. His allegations of error with regard to denial of his motion *in limine*, and prosecutorial misconduct are moot. The giving of a jury instruction on "knowingly" separate from the instruction on "without authorization" was not error. *See People v. Mattas*, 645 P.2d 254 (Colo.1983). The admission into evidence of an 18-year-old felony conviction of defendant was proper. *People v. Meyers*, 617 P.2d 808 (Colo.1980). And, defendant was properly alleged to be accountable under a complicity theory, and the jury was properly instructed in regard thereto. *See People v. White*, 191 Colo. 353, 553 P.2d 68 (1976).

The judgment is reversed and the cause is remanded for a new trial.

VAN CISE and STERNBERG, JJ., concur.