The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Sidney Louis STEPHENS,
Defendant-Appellant.

No. 81CA0874.

Colorado Court of Appeals,
Div. I.

April 19, 1984.

Rehearing Denied May 31, 1984.

Certiorari Denied Oct. 9, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia A. Wallace, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Shelley Gilman, Deputy State Public Defender, Brighton, for defendant-appellant.

BABCOCK, Judge.

Defendant, Sidney Louis Stephens, appeals the judgments of conviction entered upon jury verdicts of first degree arson, second degree arson, and subsequent enhanced punishment under the habitual criminal statute. We affirm.

I.

Defendant first contends that documents received into evidence during the sentence enhancement portion of the trial were improperly admitted because they were not "duly authenticated." We disagree.

The documents consisted of complaints, indictments, and judgments and commitments in two prior felony counts, as well as copies of fingerprint cards and photographs of the defendant. These documents bore public seals and signatures and were self-authenticating under CRE 902(1). *People v. Wiedemer*, 641 P.2d 289 (Colo. App.1981).

## II.

Defendant next argues that the trial court erred by allowing the prosecution to amend one count of the information following commencement of the sentence enhancement phase of the trial. The information erroneously cited a prior conviction under 18 U.S.C. § 2133(a), rather than under 18 U.S.C. § 2113(a). Again, we disagree with defendant's contention.

■ Following commencement of trial, an information can be amended as to form only "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Crim.P. 7(e); *People v. Cervantes*, 677 P.2d 403 (Colo.App.1983). And, where an information contains specific language of the offense underlying an habitual criminal count, a defendant is not prejudiced by amendment of the statutory reference thereto. *People v. Ybarra*, 652 P.2d 182 (Colo.App.1982).

■ Here, although the statutory citation was incorrect, the information referred to the underlying offense of "bank robbery." In addition, defendant was provided with copies of the documents relating to the prior conviction and containing the correct citation several months prior to trial. Therefore, defendant received adequate notice to enable preparation of his defense. *People v. Bergstrom*, 190 Colo. 105, 544 P.2d 396 (1975); *People v. Ybarra, supra.*

## III.

Defendant also asserts that the trial court erred in denying his supplemental motion for new trial based on juror misconduct. The motion alleged that a juror gave false answers and concealed material facts on voir dire regarding racial prejudice and her ability to be a fair and impartial juror. During hearing on this motion, the only evidence presented by defendant as to this juror's alleged racial prejudice and partiality was the affidavit of another juror which was based on hearsay.

■ Following trial on the merits the granting of a new trial may be justified by the discovery of lack of candor on the part of the juror during voir dire. *People v. Borrelli*, 624 P.2d 900 (Colo.App.1980). However, a defendant must establish the truth of the allegations on which he bases his motion for new trial and produce evidence of the alleged juror misconduct. *People v. Kunzelman*, 649 P.2d 340 (Colo. App.1982).

■ Here, defendant did not establish the truth of the hearsay allegations contained in the affidavit, nor did he offer any other evidence to show racial prejudice, bias, or partiality on the part of the juror. Accordingly, the trial court did not abuse its discretion in denying defendant's supplemental motion for new trial.

## IV.

Finally, defendant contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. The substance of the newly discovered evidence, as conveyed by the testimony of Raymond and Mercedes Montoya, the resident managers of the apartment complex which was the subject of the arson, was that a maintenance man at the apartment complex stated that he had seen a white man run from the apartment building near the time of the fire. Defendant is a black man.

■ A motion for new trial based on newly discovered evidence is looked upon with disfavor. *People v. Mays*, 186 Colo. 123, 523 P.2d 1165 (1974). A denial thereof will not be distrubed on review unless it is shown that the trial court clearly abused its discretion. *People v. Scheidt*, 187 Colo. 20, 528 P.2d 232 (1974).

■ A defendant will not prevail on a motion for new trial based on newly discovered evidence unless he establishes: (1) that the evidence was discovered after the trial; (2) that he and his counsel exercised diligence to discover all evidence prior to and during the trial; (3) that the evidence is material to the issues involved and is not merely cumulative or impeaching; and (4) that the newly discovered evidence will

probably produce acquittal on retrial. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981).

■ Here, the sole issue is whether the defense exercised diligence to discover the evidence prior to or during trial. The record reveals that prior to trial the defense was aware of the possibility that someone other than the defendant was responsible for the arson. Instead of pursuing this theory, the defense chose to rely on alibi witnesses. Consequently, their investigation did not include a door-to-door canvas of the residents of the apartment complex, nor did it include an interview of the Montoyas, whose names were listed in documents produced by the prosecution during discovery prior to trial. Under these circumstances, we conclude that the trial court properly determined that by appropriate diligence the defense could have discovered the evidence before trial; thus, denial of the motion for new trial was proper. *People v. Gutierrez, supra; People v. Scheidt, supra; People v. Mays, supra; Isbell v. People,* 158 Colo. 126, 405 P.2d 744 (1965).

The judgments of conviction are affirmed.

PIERCE and SMITH, JJ., concur.