**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**Dwight David ROGERS,**
**Defendant-Appellant.**

**No. 84CA1004.**

Colorado Court of Appeals,
Div. II.

Aug. 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Allen J. Kincaid & Associates, W. Edward Pabst, Brush, for defendant-appellant.

BABCOCK, Judge.

Defendant, Dwight David Rogers, appeals from the judgment of conviction entered on a jury verdict finding him guilty of first degree sexual assault. We affirm.

On October 6, 1983, following a preliminary hearing, defendant requested a pre-

plea report and entered a plea of not guilty. The trial court inadvertently failed to enter the plea in the registry of actions.

On November 10, 1983, defendant appeared for a bond return hearing. Since his attorney failed to appear for the hearing, the trial court set January 6, 1984, for "arraignment, trial setting, or disposition." In addition, it informed defendant that he must appear on that date with his attorney.

On January 6, 1984, defendant's attorney informed the trial court that defendant was present to enter a plea of not guilty. The record reveals the following:

"THE COURT: All right. This is 83 CR 48, People against Dwight David Rogers. This comes on today for arraignment, trial setting, or disposition, pursuant to my order back in November of 1983. *Mr. Pabst informs me that a disposition has not been arrived at and that a plea is to be entered and a trial to be set. Is that correct, Mr. Pabst?*

"MR. PABST: *Yes, Your Honor. That's correct.*

"THE COURT: The record should reflect that the defendant is present with his attorney, Mr. Pabst. The District Attorney's office is represented by the district attorney. All right. How does the defendant plea to the charge, Mr. Pabst?

"MR. PABST: Not guilty, Your Honor.

"THE COURT: Very well. A plea of not guilty to the charge is entered. How many days do counsel anticipate will be required for trial?

"MR. JOHNS: We had better set aside three.

"THE COURT: Three days. I have got May 29, 30 and 31.

"MR. JOHNS: That's all right.

"MR. PABST: 29, 30 and 31?

"THE COURT: Yes.

"MR. PABST: Yes, I am open.

"THE COURT: All right. We will set 83 CR 48 for jury trial beginning at 9 a.m. May 29 through the 31st of May." (emphasis added)

Defendant thus entered a second not guilty plea to the original charge. On April 20, 1984, defendant's attorney filed a motion to dismiss alleging that defendant's right to a speedy trial under § 18–1–405, C.R.S. (1978 Repl. Vol. 8) had been violated. This motion was denied.

## I.

Defendant first argues that the time limit prescribed by the speedy trial statute began to run upon entry of the first not guilty plea and that delay beyond that limit does not fit any of the statutory exceptions. We disagree.

■ Defendant need not make an early demand for trial, remind the trial court of its continuing duty to secure his right to speedy trial, or act affirmatively under the speedy trial statute, other than to request dismissal of the charges against him before the trial begins. *People v. Deason,* 670 P.2d 792 (Colo.1983); *People v. Wimer,* 43 Colo.App. 237, 604 P.2d 1183 (1979). However, if he does act affirmatively in the process of setting a trial date, he may be bound by his actions. *See People v. Mascarenas,* 666 P.2d 101 (Colo.1983); *People v. Martin,* 707 P.2d 1005 (Colo.App.1985). A defendant may also be bound by the actions of his attorney, *see Chambers v. District Court,* 180 Colo. 241, 504 P.2d 340 (1972), who has a continuing duty not to misrepresent matters of fact or law to the court. ABA, *Standards for Criminal Justice,* Standard 4–1.1 (1979).

■ In this case, the trial court reasonably relied on defense counsel's affirmative representations that he and his client were in court for an arraignment. By appearing in court and informing the trial court of the purpose for the hearing, entering a plea on that date, and then participating in the setting of a trial date within six months of the entry of the plea that same day, defendant acquiesced in a trial date beyond the speedy trial period under § 18–1–405(6)(f), C.R.S. (1978 Repl. Vol. 8). *See People v. Sevigny,* 679 P.2d 1070 (Colo. 1984). Thus, we hold that the prosecution has met its burden of showing compliance

with the speedy trial statute. *See People v. Fetty*, 650 P.2d 541 (Colo.1982); *Chambers v. District Court, supra.*

## II.

Defendant next contends that he is entitled to a new trial because of juror misconduct and because the trial court failed to grant his motion to subpoena an unnamed trial juror for examination. Again, we disagree.

 Following trial on the merits, the granting of a new trial may be justified by the discovery of lack of candor on the part of a juror during voir dire. *People v. Borrelli*, 624 P.2d 900 (Colo.App.1980). However, a defendant must establish the truth of the allegations on which he bases his motion for new trial and must produce evidence of the alleged juror misconduct. *People v. Hernandez*, 695 P.2d 308 (Colo. App.1984). Failure to establish the truth of hearsay allegations contained in an affidavit will warrant denial of a motion for new trial based on alleged juror misconduct. *People v. Stephens*, 689 P.2d 666 (Colo.App.1984).

 Here, defense counsel filed an affidavit stating that after trial he was told by a juror that before voir dire, another juror said "the son-of-a-bitch is guilty or he wouldn't be here." However, counsel failed to identify the reporting juror and the reporting juror refused to sign an affidavit supporting counsel's statement and refused to name the "offending" juror. We conclude that failure to identify the reporting juror or otherwise to establish the truth of the hearsay allegations contained in defense counsel's affidavit warrants the trial court's denial of defendant's motion to subpoena the unidentified reporting juror and his motion for new trial. *See People v. Hernandez, supra; People v. Stephens, supra.*

Moreover, examination of the voir dire shows that all members of the panel accepted the presumption of innocence and stated that they did not believe that an arrest or charge were in themselves evidence of guilt. The panel was properly instructed by the trial court in this regard before testimony was given, and none of the panel members evidenced any unwillingness to follow the instructions of the trial court. Finally, none of the jurors evidenced any bias or enmity toward defendant. Thus, defendant failed to show that any of the panel members were unqualified to serve. *See People v. Abbott*, 690 P.2d 1263 (Colo.1984).

## III.

Defendant also asserts that the trial court abused its discretion in refusing to grant a mistrial because the prosecution asked him if, after having had sexual intercourse with the victim, he then went home to his wife. We find no abuse of discretion.

 The granting or denial of a motion for mistrial is within the sound discretion of the trial court, and for a mistrial to be required, any prejudice asserted must be so substantial that the effect on the jury cannot be remedied by anything less than a mistrial. *Hamrick v. People*, 624 P.2d 1320 (Colo.1981). Here, defendant's objection to the question regarding his wife was sustained and both the question and answer were stricken. In addition, the jury was instructed not to consider any evidence to which an objection was sustained. We presume that the jurors followed the trial court's instructions. *See People v. Bashara*, 677 P.2d 1376 (Colo.App.1983).

## IV.

Defendant contends that the trial court erred in denying his motion to suppress, for violation of discovery procedures, certain scientific test results which were unavailable until the time of trial. We find no error.

 Reversal for failure to disclose certain information to the defendant is mandated only when the information might have affected the outcome of trial. *People v. Thatcher*, 638 P.2d 760 (Colo.1981). In this case, the test showed that defendant

had a blood type shared by 32% of the population and that a person with this blood type had intercourse with the victim on the night in question. The theory of defense was consent. Consequently, any discovery violation regarding these test results could not have affected the outcome of trial because defendant testified that he had intercourse with the victim on this occasion.

In addition, these missing "results" consisted of an interim report concerning a final report which had been furnished to the defense before trial. The trial court recessed the trial to enable defendant to analyze the interim report with his expert. Thereafter, defendant failed to request any additional continuance or recess. Failure to do so discredits defendant's assertion that he was prejudiced by the alleged late disclosure of this evidence. *See People v. Graham,* 678 P.2d 1043 (Colo.App.1983).

## V.

 Finally, we find no merit in defendant's contention that the evidence was insufficient to sustain his conviction. *See People v. Gonzales,* 666 P.2d 123 (Colo. 1983).

Judgment affirmed.

SMITH and KELLY, JJ., concur.