The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ping Ping WU, Defendant–Appellant.

No. 93CA1329.

Colorado Court of Appeals,
Div. IV.

Jan. 26, 1995.

Rehearing Denied March 23, 1995.

Robert S. Berger, P.C., Robert S. Berger, Denver, for defendant-appellant.

Opinion by Judge RULAND.

Defendant, Ping Ping Wu, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of theft by receiving stolen goods valued at $365.46. He also appeals the trial court's order denying his motion for post-conviction relief. We affirm.

I.

Defendant first contends that the trial court erred in entering a judgment of conviction for a class 4 felony rather than a class 2 misdemeanor based upon the value of the stolen goods. He argues that a beneficial change in the law should apply to his case. We disagree.

Defendant committed the charged offense on March 29, 1992. As of that date, the

General Assembly had approved and sent to the Governor various amendments to the statutes addressing theft. *See* Colo.Sess. Laws 1992, ch. 80 at 433–435. On April 10, 1992, the Governor signed the bill containing the amendments which included a modification to § 18–4–410(3), C.R.S. (1994 Cum. Supp.). This modification provided that if the value of the items involved was one hundred dollars or more but less than four hundred dollars, theft by receiving was classified as a class 2 misdemeanor. *See* Colo.Sess. Laws 1992, ch. 80, § 18–4–410(3) at 435.

With reference to the effective date of the amendment, the General Assembly provided:

> This Act shall take effect upon passage and shall apply to offenses committed on or after said date.

Colo.Sess.Laws 1992, ch. 80 at 437.

Defendant argues that the term "passage" is ambiguous. Because the amendment was approved by the General Assembly on March 25, 1992, he argues that he should be deemed convicted of a class 2 misdemeanor rather than a class 4 felony under the rule of lenity. We disagree.

We view *Tacorante v. People,* 624 P.2d 1324 (Colo.1981) as persuasive in resolving defendant's contention that there is ambiguity in the statute as to the effective date of the amendment. There, our supreme court addressed the issue of when a statute takes effect under the Colorado Constitution and held that:

> Read together, [Colo. Const. art. IV, § 11 and art. V, § 19] permit an act to become effective either on the date stated in the act or upon the Governor's signature.

*Tacorante v. People, supra,* 624 P.2d at 1329.

In a footnote to the opinion, the court stated:

> When approval by the executive is necessary, his signature is the last act, and the date of *passage* is the date of his approval.

*Tacorante v. People, supra,* 624 P.2d at 1329 (fn. 16) (emphasis supplied).

We must presume that the General Assembly was aware of the decisional law of our supreme court addressing the constitutional requirements for passage of a statute. *See*

*People v. Green,* 734 P.2d 616 (Colo.1987). To the extent defendant argues that the quoted language from *Tacorante* is dicta, we perceive no reason why that analysis should not be followed here.

Here, the Governor's signature was necessary, *see* Colo. Const. art. IV, § 11, and accordingly, we hold that the date of passage for the statute before us was the date the Governor signed the law. Hence, the trial court was correct in concluding that defendant's sentence must be imposed for a class 4 felony rather than a class 2 misdemeanor.

## II.

■ Defendant further contends that the trial court erred in denying his motion for post-conviction relief. He argues that the court should have ordered expert evaluation of a tape recording based upon "newly discovered evidence" that created some suspicion that the tape may have been altered. Again, we disagree.

■ A motion for new trial based on newly discovered evidence is not looked on with favor, and a denial of that motion will not be overturned absent a showing in the record of a clear abuse of the trial court's discretion. *People v. Gutierrez,* 622 P.2d 547 (Colo.1981). To succeed on the motion, the defendant must show among other things that he and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during trial. *People v. Scheidt,* 187 Colo. 20, 528 P.2d 232 (1974). For the same reason, we conclude that similar diligence must be demonstrated to obtain the relief requested by defendant here.

Defendant's motion for post-conviction relief alleged that, based upon a report from an expert, a copy of the tape recording which was introduced into evidence at trial was "suspicious and very possibly the result of deliberate tampering." The motion further alleged that the defense did not become suspicious of the authenticity of the tape recording until hearing the testimony of witnesses and listening to the original tape in the courtroom.

However, it is undisputed both that defendant was furnished with a copy of the tape

**42**

long before commencement of the trial and that defendant was a party to the recorded conversation. Hence, we conclude that the trial court did not abuse its discretion in concluding that reasonable diligence had not been exercised to discover this possible alteration prior to trial. *People v. Scheidt, supra.*

The judgment and order are affirmed.

PLANK and NEY, JJ., concur.