The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Jay N. MASON, Defendant–Appellant.

No. 98CA2470.

Colorado Court of Appeals, Div. I.

Sept. 30, 1999.

Certiorari Granted May 1, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

C. Keith Pope, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Jay N. Mason, appeals the trial court order denying his Crim. P. 35(c) motion for new trial based on newly discovered evidence. We affirm.

In 1990, defendant pled guilty to reckless manslaughter and first degree assault resulting from a gang fight. He was sentenced to 16 years in the Department of Corrections. While incarcerated, he received a letter from a gang member who wrote that he had stabbed the assault victim.

Thereafter, defendant filed the motion at issue here. After a hearing, the trial court denied the motion on the basis of its finding that the evidence would probably not bring about an acquittal verdict if it were presented at a trial. This appeal followed.

I.

■ Initially, the People contend that, because defendant entered a guilty plea, he waived his right to postconviction relief based on newly discovered evidence. They argue that, since defendant did not enter a plea in accordance with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the rule announced in *People v. Tomey,* 969 P.2d 785 (Colo.App.1998) (which allowed a defendant to pursue a Crim. P. 35(c) motion after he had entered an *Alford* plea) does not apply. Although we agree that *Tomey* is factually distinguishable, we conclude that a defendant who enters a guilty plea is entitled to file a Crim. P. 35(c) motion based on newly discovered evidence.

Crim. P. 35(c)(2) provides in pertinent part:

[E]very person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth.

. . . .

(V) That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice.

■ In construing Crim. P. 35(c), we employ the same rules of interpretation applicable to statutory construction. We look first to the language of the rule itself, and, if the rule is plain and unambiguous, we apply it as written. *People v. Fuqua*, 764 P.2d 56 (Colo. 1988).

■ The language of Crim. P. 35(c) is plain and unambiguous and states that every person convicted of a crime is entitled to postconviction review. "Every" means all the separate individuals who constitute the whole, regarded one by one. *People v. Tomey, supra*. Hence, the rule does not limit postconviction review to those who have been convicted after trial or after entering an *Alford* plea.

We therefore conclude that a defendant who enters a guilty plea is entitled to file a motion for postconviction relief based on newly discovered evidence, and that the trial court here did not err in ruling on the merits of the motion.

## II.

Relying on *People v. Kingery*, 189 Colo. 56, 536 P.2d 822 (1975), *DeLuzio v. People*, 177 Colo. 389, 494 P.2d 589 (1972), and *Kelley v. People*, 166 Colo. 322, 443 P.2d 734 (1968), defendant contends that a less strict legal standard than that enunciated in *People v. Gutierrez*, 622 P.2d 547 (Colo.1981) and *People v. Tomey, supra*, should apply to his case. We reject this contention.

■ Under *Gutierrez* and *Tomey*, to succeed on a motion for a new trial based on newly discovered evidence, a defendant must show that: the evidence was discovered after the trial; defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant before and during trial; the newly discovered evidence is material to the issues involved and not merely cumulative or impeaching; and it would probably bring about an acquittal verdict if presented at another trial.

We do not agree that the language used in *Kingery, DeLuzio*, and *Kelley* necessarily establishes a less strict legal standard than that in *Gutierrez* and *Tomey*. In *Gutierrez* and *Tomey*, the standard for granting a new trial is stated as being that: "on retrial the newly discovered evidence would probably produce an acquittal." This is not substantively dissimilar from the standard set out in *People v. Kingery, supra*, 189 Colo. at 58, 536 P.2d at 824 (the jury "might not have found the defendant guilty" and the jury "very well might have not found the defendant guilty"); in *DeLuzio v. People, supra*, 177 Colo. at 394, 494 P.2d at 592 ("upon another trial the result might be different"); or in *Kelley v. People, supra*, 166 Colo. at 329, 443 P.2d at 737 ("there is probable cause that the result would be different as the result of such testimony").

Thus, we see no error in the trial court's application of the standard set out in *Gutierrez* and *Tomey*.

## III.

Finally, defendant contends that because another person had confessed to the crime of first degree assault the trial court erred in denying his motion on the merits. We find no error.

■ Motions for new trial based on newly discovered evidence are viewed with disfavor, and a trial court's denial of such a motion will not be overturned absent a clear abuse of discretion. *See People v. Rodriguez*, 914 P.2d 230 (Colo.1996).

■ The determination of the probable effect of the new evidence should be premised on whether, when considered with all the other evidence, the newly discovered evidence is such that a reasonable jury would probably conclude that a reasonable doubt concerning defendant's guilt existed and

thereby reach an acquittal verdict. *People v. Schneider,* 991 P.2d 296 (Colo.App.1999).

Here, the trial court addressed each of the *Gutierrez* elements in detail. It found that defendant had received the letter of confession in 1995 after he had entered his guilty plea. The letter was written by a gang member who was present during the gang fight.

 The court noted that defendant and his counsel had exercised diligence to discover all possible evidence favorable to defendant before the guilty plea was entered. This finding was supported by plea counsel's testimony that her regular practice was to interview all eyewitnesses, which would have included the person who wrote the letter. Additionally, the record contains expert testimony that, even if the gang member had been interviewed by defense counsel, he would not have confessed.

The court also found there was no doubt that the confession was material to the issues involved. The letter stated that the gang member had stabbed the assault victim.

However, the court concluded, this confession would probably not cause a reasonable jury to have a reasonable doubt about defendant's guilt. It noted that the letter does not exonerate defendant. In fact, the letter places defendant at the scene of the crime with a knife. And, while the letter states that the gang member stabbed the victim, the evidence shows that the victim was stabbed several times and suffered severe cuts to the left arm, leg, and back.

When being processed by police, defendant admitted that he had participated in the fight and had swung a knife. Eyewitnesses related that defendant had a knife and was involved in the fight.

Under these circumstances, the court concluded that the defense had failed to establish that the newly discovered evidence would probably bring about an acquittal if presented at trial.

The record supports the trial court's findings and conclusions. Hence, we perceive no abuse of discretion in its denial of defen-

dant's motion. *See People v. Rodriguez, supra.*

Defendant's reliance on *People v. Jones,* 690 P.2d 866 (Colo.App.1984) is misplaced. In *Jones,* the defendant did not admit that he was involved in the theft. In contrast, here, the defendant admitted that he was involved in the fight, that he had possession of a knife, and that he was swinging the knife at people. Thus, as the trial court found, even if the newly discovered evidence had been admitted at trial, defendant was subject to liability as a complicitor.

The order is affirmed.

Judge NEY and Judge VOGT, concur.